UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES ZAVAGLIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13924-IT |
| | * | |
| BOSTON UNIVERSITY SCHOOL OF MEDICINE, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

June 22, 2015

TALWANI, D.J.

On January 20, 2015, the court denied without prejudice Plaintiff James Zavaglia's ("Zavaglia") motion to appoint counsel. See Order [#7]. Now before the court is Zavaglia's renewed Motion to Appoint Counsel [#15]. For the reasons set forth below, this motion is again DENIED without prejudice.

Although there is no right to pro bono counsel in civil cases, the court may request the appointment of pro bono counsel in appropriate cases. See 28 U.S.C. § 1915(e)(1). In determining whether to request pro bono counsel, the court considers: (1) whether the requesting party is indigent and (2) whether exceptional circumstances exist such that the denial of counsel will result in fundamental unfairness impeding the party's due process rights. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

Because the court has granted Zavaglia leave to proceed *in forma pauperis*, see Order [#5], the court finds that Zavaglia is financially eligible for the appointment of counsel.

Accordingly, the court must determine whether Zavaglia has shown exceptional circumstances warranting the appointment of pro bono counsel. In assessing whether exceptional circumstances exist, the court may examine the totality of circumstances, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See DesRosiers, 949 F.2d at 24.

Zavaglia's motion to appoint counsel does not include sufficient information for the court to determine whether his claims of discrimination are likely meritorious. Moreover, the court's independent review of Zavaglia's complaint and Defendant's pending motion to dismiss suggests that the legal issues in this case are relatively straightforward. It appears that Zavaglia is alleging age discrimination and retaliation on the part of his former employer. Defendants have moved to dismiss on statute of limitations grounds as well as a failure to exhaust administrative remedies. The legal rules governing when claims must be filed and what a party must do to exhaust administrative remedies are not particularly complex, and Zavaglia has not shown that he is unable ascertain these rules or apply them to the facts of his case.

As to Zavaglia's ability to represent himself, his motion to appoint counsel states that: (1) he has trouble concentrating due to a medical condition; (2) his wife was recently diagnosed with cancer; and (3) there is a "no trespass" order in place that bars him from entering property owned by Defendant, which would make taking depositions difficult.

With regards to Zavaglia's medical condition, the motion does not suggest that his problems concentrating preclude him from meeting court deadlines or completing research to support his claims. Accordingly, there is no suggestion that this medical issue will give rise to fundamental unfairness impeding on Zavaglia's due process rights. If appropriate, Zavaglia can move for additional time to complete court filings to account for his concentration issues.

Zavaglia's wife's medical condition does not directly impede Zavaglia's ability to represent himself. However, the court recognizes that his wife's treatment may require Zavaglia to commit time to caretaking tasks, limiting the amount of time he is able to commit to this case. Therefore, Zavaglia may move for brief extensions of time to complete court filings if necessary. Because this issue may be appropriately remedied through requests for brief extensions of time, however, it does not rise to a level of an exceptional circumstance.

As to the "no trespass" order, the court notes that it has the ability to control discovery, including the location of depositions. See, e.g., In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir. 1987) ("The trial court has great discretion in establishing the time and place of a deposition."). Accordingly, the claimed existence of a "no trespass" order is also not an exceptional circumstance warranting appointment of counsel. As appropriate, the court can mandate that witnesses appear for depositions on property not owned by Defendant.

As a final matter, Zavaglia suggests that counsel is warranted because some of the factual allegations in this case relate to an alleged assault against Zavaglia that occurred on Defendant's property. Zavaglia suggests, therefore, that this case arises from events that could have given rise to criminal liability. In determining whether there is a right to counsel, however, the court's focus is on the nature of the claims raised in the instant suit and the potential repercussions faced by the losing party. See Turner v. Rogers, 131 S. Ct. 2507, 2517 (2011) (recognizing a right to counsel in civil cases only where a party might face incarceration as a result of the litigation). Here, all claims are civil in nature and there is no possibility that Zavaglia would face incarceration as a result of this litigation. The fact that Zavaglia alleges that he was the victim of an assault is inapposite to the court's determination of whether appointment of counsel is warranted.

For the reasons set forth above, Zavaglia's <u>Motion to Appoint Counsel</u> [#15] is DENIED without prejudice. Zavaglia should file any opposition he has to Defendant's pending <u>Motion to Dismiss</u> [#16]. After the court resolves that pending motion, Zavaglia may renew his motion to appoint counsel on any remaining claims if he believes exceptional circumstances have arisen that justify such an appointment. If Zavaglia renews his motion, he should clearly state: (1) why any claims remaining in the case are of particular legal complexity so as to justify appointment of counsel, (2) what facts in the record show a strong likelihood that these claims are meritorious, and (3) how fundamental unfairness will arise absent appointment of counsel.

IT IS SO ORDERED.

June 22, 2015 /s/ Indira Talwani
United States District Judge