UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES ZAVAGLIA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13924-IT |
| | * | |
| BOSTON UNIVERSITY SCHOOL OF MEDICINE, | * | |
| | * | |
| | * | |
| Defendant. | * | |

ORDER

February 9, 2016

TALWANI, D.J.

I.   Introduction

Plaintiff James Zavaglia brings this action against Defendant Boston University School of Medicine alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Americans with Disabilities Act, 32 U.S.C. § 12101, *et seq.* ("ADA"). He alleges that Defendant failed to accommodate his disability. He also alleges that Defendant failed to promote him and later terminated him because of his disability and age and in retaliation. Before the court is Defendant's Motion to Dismiss [#16].[1] For the reasons set forth below, the motion is ALLOWED. Plaintiff's claim under the ADEA is DISMISSED WITH PREJUDICE. However, his claim under the ADA is DISMISSED WITHOUT PREJUDICE, and the court grants Plaintiff leave to file an amended complaint as to that claim.

---

[1] "Trustees of Boston University" is Defendant's formal corporate name. The Boston University School of Medicine is not a separate corporate entity; rather, it is one of Boston University's 16 schools and colleges.

II.       Age Discrimination

Defendant moves to dismiss Plaintiff's ADEA claim on the ground that he has not stated a claim for age discrimination. Under the ADEA, an employer cannot discharge or otherwise discriminate against any individual with respect to the terms of his employment because of his age. Collazo v. Nicholson, 535 F.3d 41, 44 (1st Cir. 2008) (citing 29 U.S.C. § 623(a)(1)). "To state a claim under the ADEA, a plaintiff must establish that he 'suffered an adverse job action, that this was motivated by age, and that he suffered an injury as a result of it.'" Id. (quoting Melendez-Arroyo v. Cutler-Hammer de P.R. Co., 273 F.3d 30, 33 (1st Cir. 2001)). Plaintiff has stated no facts, except for his age, supporting a cause of action under the ADEA. Compl. ¶ 3. Stating his age alone is not sufficient; he makes no allegations to support a claim that Defendant took any adverse action against him because of his age. Plaintiff has therefore failed to state a claim for age discrimination under the ADEA.[2] Plaintiff's cause of action under the ADEA is dismissed with prejudice.

III.      Disability Discrimination and Retaliation

Defendant moves to dismiss Plaintiff's ADA count on the grounds that he failed to exhaust his administrative remedies, failed to state a claim for disability discrimination, and failed to comply with the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a). Plaintiff's ADA claim is dismissed without prejudice because of his failure to comply with Rule 8(a).

The purpose of Rule 8(a)'s pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell. Atl. Corp. v. Twombly, 550

---

[2] Defendant also argues that Plaintiff failed to exhaust his administrative remedies as to the ADEA. The court does not reach that ground in dismissing Plaintiff's ADEA claim.

U.S. 544, 555 (2007) (internal quotation marks omitted). "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993). Plaintiff's complaint fails to comply with Rule 8(a). The complaint itself is bare bones and includes no facts that form the basis of Plaintiff's claims. Plaintiff attaches exhibits to the complaint which contain some facts that may support his claims, but also contain irrelevant facts and are in the form of an unstructured narrative. The complaint and attached exhibits fail to give Defendant fair notice of the grounds upon which Plaintiff's complaint rests and make it difficult for the court to determine if Plaintiff has stated a claim. Accordingly, Plaintiff's complaint will be dismissed with leave to file an amended complaint that comports with Rule 8(a)(2).

As to exhaustion, Defendant is correct that a plaintiff generally must exhaust his administrative remedies before bringing his ADA claim. See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 277 (1st Cir. 1999) ("We hold that the ADA mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and that, absent special circumstances . . . such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation . . . of the ADA."); but cf. Clockedile v. N.H. Dep't of Corr., 245 F.3d 1, 6 (1st Cir. 2001) (no requirement to exhaust administrative remedies for retaliation claims "so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the [EEOC]—*e.g.*, the retaliation is for filing the [EEOC] complaint itself"). Plaintiff's claims are not clear and the complaint does not make clear whether Plaintiff exhausted his administrative remedies. But certainly, Plaintiff's

claims regarding events occurring in 2008 and earlier (such as Defendant's alleged failure to promote Plaintiff in 2008) appear to be time-barred.

IV.   Conclusion

For the foregoing reasons, Defendant's motion is ALLOWED.  Plaintiff's ADEA claim is DISMISSED WITH PREJUDICE, but his ADA claim is DISMISSED WITHOUT PREJUDICE. The court grants Plaintiff leave to refile his ADA claim with the following instructions:

1. Plaintiff must file an amended complaint by March 4, 2016 if he wishes to proceed in this action.  This amended complaint shall contain a short and plain statement of the claims showing that Plaintiff is entitled to relief.  It shall not be in narrative form; instead, the factual allegations must be separated and set out in numbered paragraphs.
2. Plaintiff's amended complaint should not contain facts about unrelated work disputes.

IT IS SO ORDERED.

February 9, 2016                                                          /s/ Indira Talwani
                                                          United States District Judge